**UNITED STATES**

v.

**David E. BROWN, 530 54 0616, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 78 1572.**

U. S. Navy Court of Military Review.

Sentence Adjudged 20 Sept. 1977.

Decided 11 June 1979.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

FERRELL, Judge:

Appellant, contrary to his plea, was convicted by a special court-martial on 9 and 20 September 1977, of violating Navy Regulations by possessing marijuana.[1] A court with members sentenced him to be confined at hard labor for a period of 3 months, to forfeit $240.00 pay per month for a period of 3 months, to be reduced to the rank of pay grade E–1, and to be discharged from the Marine Corps with a bad-conduct discharge. The convening authority, on 11 January 1978, approved the sentence and ordered it executed, but the execution of that portion adjudging confinement at hard labor for a period of 3 months was remitted. On 15 September 1978, the supervisory authority approved the sentence as approved by the convening authority, but rescinded that portion of the action executing the sentence.

We find it necessary to discuss only one of the four errors assigned by appellant. The appellant, in his second assignment of error, contends he was denied his Sixth Amendment right to confrontation because proof of the nature of the substance allegedly possessed was by a laboratory report alone. The Government concedes this was error, citing *United States v. Miller*, 23 U.S.C.M.A. 247, 250, 49 C.M.R. 380, 383 (1974), but argues the error is not fatal as other evidence established the substance was marijuana.

Special Agent Lowery of the Naval Investigative Service was called as a witness by the Government. He identified Prosecution Exhibit 8 as a "supplemental report concerning the laboratory analysis." The defense counsel objected to the introduction of the document based upon its hearsay nature, and requested that the analyst, Mr. Hopeck of the Naval Investigative Service, be called so the information contained in the document might be tested and the analyst subjected to cross-examination. The military judge ordered the Government to obtain Mr. Hopeck. Mr. Hopeck was on leave and this was reported to the military judge. The military judge than stated he would "allow this to come in under the business entry rule if it can be established." The military judge did admit Prosecution Exhibit 8 under the business entry rule.[2]

We agree that under *Miller* the Government appropriately conceded as error the failure to produce Mr. Hopeck as a witness. We also agree that other evidence in the case established that the substance seized from appellant was marijuana. We disagree with Government counsel, however, as to how this error affects the case *sub judice*.

The test to be applied where Constitutional rights are involved is clearly enunciated in *United States v. Ward*, 1 MJ 176 (C.M.A.1975). The Court of Military Appeals in *Ward* stated:

This Court has had occasion in the past to determine the prejudicial effects of admission at trial of tangible evidence obtained in violation of an accused's constitutional rights. The phraseology used by us in that process varied among the cases. [Footnote omitted.] Appellant has suggested to this Court that the tests enunciated by the arguably imprecise language varied as well; the Government, on the other hand, has submitted that despite the differing terminology used, all essentially apply the harmless-error test of the United States Supreme Court. Whatever may be the merit to these contentions, it is clear to us that the appropriate test to be applied to determine

---

1. Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

2. This admission was assigned as error, but we need not decide it to dispose of this case.

whether admission of evidence against an accused obtained in violation of his constitutionally protected rights was harmless [footnote omitted] is that set forth by the High Court in *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), as clarified in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In *Fahy v. Connecticut, supra,* the Supreme Court, in addressing the admission of evidence obtained through an illegal search, noted: [footnote omitted]

> We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. [Footnote omitted.]

Subsequently, in *Chapman v. California, supra,* that Court clarified its test: [footnote omitted]

> There is little, if any, difference between our statement in *Fahy v. Connecticut* about "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. [Footnote omitted.]

> .    .    .    .    .

. . . we, too, now so hold that before an error founded solely upon the federal constitution can be held harmless under Article 59(a), the court must be able to declare a belief that it was harmless beyond a reasonable doubt. [Footnote

omitted.]  See *Chapman v. California, supra.*

*Id.* at 179–180.

We cannot, based on the evidence in the case *sub judice,* declare that the failure to accord the appellant his Sixth Amendment right to confront the witness (Mr. Hopeck) was harmless beyond a reasonable doubt. Accordingly, the findings of guilty and the sentence are set aside.  A rehearing is authorized.

Chief Judge CEDARBURG and Judge ROOT concur.